IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BRIAN K. COOPER, | ) | C/A NO. 3:06-1270-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| FLYING J TRAVEL PLAZA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for summary judgment and on Plaintiff's responsive motion to amend. The underlying complaint, which was initially filed *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*; 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (28 U.S.C. § 623(a)). Through his motion to amend, Plaintiff seeks to add a claim on his own behalf under Title VI (42 U.S.C. § 2000d) and to add claims on behalf of a third party for distinct actions of alleged discrimination or retaliation.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On October 19, 2007, Magistrate Judge McCrorey issued a Report recommending that the Defendant's motion for summary judgment be granted. This recommendation was based, in part, on Plaintiff's failure to exhaust administrative remedies as to some claims. As to other claims, the recommendation was based on Plaintiff's failure to establish a prima facie case and to present evidence to support a finding of pretext as to Defendant's proffered legitimate reasons for the various challenged employment decisions.

Plaintiff filed objections to the Report on November 7, 2007. He included a motion with these objections, seeking to add a new cause of action under Title VI and to join claims by a third party against Defendant. The latter claims arise out of Defendant's non-renewal of a contract with Ernestine Strong. That contract allowed Ms. Strong to operate a barber shop and salon in Defendant's facility. Plaintiff asserts that the non-renewal, which occurred after Plaintiff's termination, was: (1) in retaliation for Ms. Strong having been in a dating relationship with Plaintiff; and (2) intended to send a message to others not to support Plaintiff in any claim he might bring against Flying J.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

---

[1] What evidence is before the court suggests that any dating relationship had ended prior to the non-renewal. Moreover, there is no suggestion of any evidence that Ms. Strong had taken action to assist Plaintiff in any claim prior to the non-renewal of her contract.

The court has reviewed the record, the Report and Recommendation of the Magistrate Judge, and the objections filed by Plaintiff. Having conducted this review, the court concludes that Plaintiff's objections are adequately and correctly addressed in the Report. The court, therefore, adopts and incorporates the Report and Recommendation by reference in this Order.

The court also denies Plaintiff's motion to amend. The motion to amend comes entirely too late and does not, in any event, appear to be well founded either with respect to Plaintiff's claims or with respect to the claims of Ms. Strong. To the extent the motion seeks to add a new party, it is also denied because Plaintiff is not an attorney and cannot, therefore, represent the interests of another.

The court, therefore, denies Plaintiff's motion to amend, grants Defendant's motion for summary judgment, and dismisses this matter with prejudice.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 27, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\06-1270 Cooper v Flying J - adopt for reasons std by MJ -- SJ granted.wpd